The Chief Justice

delivered the Opinion of the Court.
After the lapse of about thirty years from the death of Joseph Thompson, Uel Hunt and his wife, who claims to be one of the decedent’s children, filed a bill in chancery against his administratrix, and the representatives of her sureties, and against others as his children, praying for a decree establishing, as his last will, a paper alleged to be a perfect copy of a last will duly published by him, and casually, lost since his death by one of the subscribing witnesses, with whom he had deposited it for safe keeping; and whereby, as alleged,-slaves and other personal property had been given to all his children; and also praying for a decree for the legacy thereby given to Mrs. Hunt.
The Circuit Court sustained a demurrer, filed by the representatives of the sureties of the administratrix, on the ground that if, as alleged, there was a will which should be established, they are not liable to the legatees.
And this writ of error brings up that decision for revision.
As the condition of the administration bond, as prescribed by the statute of 1797 (Stat. Law, 663,) requires payment of the residuary fund to ‘‘such persons respec“tively as shall he entitled to the same by law,” and seems to contemplate, also, a surrender of the administration if a will shall be afterwards established, we are of the opinion that, if the will, as described in the case, should be established, the surities of the administratrix, as well as herself, would be liable, on the fiducial bond, to those entitled under the will, to any property which had come to her hands as administratrix.
But though we do not, therefore, concur with the Cir *91 cuit Court in the reason assigned for dismissing the bill, as to the sureties: nevertheless, we arc of the opinion that the bill does not exhibit such facts as should entitle the plaintiffs in error to any relief in a court of equity; and that, therefore, they have not been prejudiced by the decree dismissing their bill as to a part of the defendants.
A lapse of thirty years time unaccounted for, will bar a bill in equity to establish a will.
County Courts of this State have jurisdiction exclusive, not concurrent with the jurisdiction of a Court of equity, to establish wills; those containing devises of real estate, as well as those which, relate to personalty; and, as well where the original is lost, as where it is produced. A Court of equity can take jurisdiction to establish wills, only in cases of spoliation, or suppression or when a discovery is indispensable, or there is some other peculiar circumstance, that would defeat the objectin the county court & which a court of equity might obviate.
Even if the bill presented a case of which a court of equity could, without any doubt, take cognisance, still the long lapse of time, without any suggestion of inability to establish the will in the County Court, or to proceed in equity sooner, would, prima facie, furnish a sufficient objection to the relief now sought, by affording presumptions of law against the validity of the alleged will, or against any equitable right to invoke the Chancellors aid in investigating its authenticity, or in coercing a distribution of property so changeable and perishable as slaves and personalty, at so late a period.
But it seems to us, moreover, that the bill does not show that a court of equity should take cognisance of the case.
The County Courts of this State have a jurisdiction as plenary and complete over the probate of wills devising lands (as well as those bequeathing personalty,) as the ecclesiastical courts of England ever had over testaments disposing of chattels.
In England, a devise of real estate was deemed a conveyance by appointment, and could not be proved and admitted to record in any Court, so as to establish it as a will; but, like a deed, required proof of its publication whenever the title of the devisee was litigated; and, of course, Courts of equity had no more jurisdiction over wills devising real estate, than they had over such as disposed only of goods and chattels, as to which latter class, the jurisdiction of the Probate Courts was so full and effectual, that Courts of Equity never deemed it expedient or proper to assume a concurrent jurisdiction, excepting only in cases of fraudulent suppression or spoliation, or perhaps when, by accident, a discovery became necessary, and the ordinary procedure in the ecclesiastical Court, was either inappropriate or inadequate.
*92 In Tucker vs. Phips, (3, Atk. 360,) Lord Hardwicke said that, in cases of suppression or spoliation, a Court of equity might take jurisdiction, and establish a will, because the authority and mode of proceeding, and of obtaining proof in such Courts, was more effectual than in the ordinary Courts of Probate. In Williams on Executors, p. 156, and Hovenden on Frauds, p. 253, and in other elementary books, the same doctrine is reiterated without enlargement.
In the case of Payne’s Will, (4 Monroe, 422,) this Court, not only decided that, the spiritual Courts of England, and the County Courts of this State, had ample and unquestionable jurisdiction to grant probates, in cases of lost wills; but said, also, that “The loss of the “paper may confer concurrent jurisdiction on a Court of “equity.” But the Court did not, as we presume, intend to be understood as even intimating that, in every case of a lost will, the mere loss would alone be sufficient to give to Courts of equity a concurrent jurisdiction, as the Courts of Probate have always had full jurisdiction over lost as well as other wills, there never was any necessity for an assumed concurrence of jurisdiction over lost wills, by Courts of equity, unless there had been either fraud or spoliation, or such accident as rendered an equitable interposition proper and useful; and we have not seen an adjudged case, in which equitable cognisance has been admitted on the single ground of a casual loss of an original will. Indeed, such a case, if it exist, would be an anomaly, inconsistent with the history and the principles of equitable jurisprudence.
To entitle a Court of equity to jurisdiction to establish a lost will, some necessity for a discovery, which can be effectually obtained only in such a Court, must be made to appear. If the will can be as well established in a County Court, the jurisdiction of such Court should be deemed exclusive, because a concurrent jurisdiction should not be assumed by a Court of Equity, when the ordinary tribunal is perfectly competent.
In this case, the bill alleges that the original will was accidentally lost, and that the complainants have a perfect copy of it. And there is neither any suggestion that *93 they cannot prove the execution of the will by the subscribing witnesses thereto, whose names are also given, or the authenticity of the copy; nor intimation that there is either any necessity for a discovery, by any of the defendants, or any desire to procure a discovery from them, or any one of them.
Upon such facts, we can perceive no consistent ground for the intervention of a Court of Equity. The jurisdiction of the County Court would seem to be altogether effectual, and therefore much more appropriate than that of a Chancellor, who should interpose only for the purpose of affording a more certain and effectual remedy, when, by fraud or accident, the ordinary procedure in the County Court had become ineffectual or inadequate.
Wherefore, we are of the opinion, that the decree sustaining the demurrer, filed by the sureties of the administratrix, and dismissing the bill as to them, should not be considered as prejudicial to the plaintiffs in error; and therefore that decree is affirmed.