# Reed's Will.

APPEAL FROM THE GARRARD COUNTY COURT.

*Will.    Mental incapacity.    Codicil.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

WILL CASE.

Case 37.

| | 2bm | 79 |
|---|---|---|
| | 104 | 684 |
| | 104 | 685 |
| | 104 | 686 |

*October* 14.

THE County Court of *Garrard* having rejected a document, offered there for probate, as the last will of *Alexander Reed Sr.* deceased, the case has been re-tried in this Court, and it is now adjudged that the testimony adduced on the trial here, is sufficient to establish the controverted paper as the valid last will of the said decedent.

The only litigated question is, that of testamentary capacity; and on this point, we have, on the negative side, *the opinions of the two subscribing witnesses* and of one other witness, perhaps two others, unsupported, as we think, by the only reasons assigned for them or by any established facts—whilst the affirmative is sustained by the more explicit and unqualified opinions of many witnesses, sustained by a multitude of minute and persuasive facts, and corroborated also by the circumstances proved by the opposing witnesses, and by the almost conclusive fact that the testamentary paper was written as directed by the testator himself.

The only negative facts are the testator's age and physical infirmities, his attachment to and emancipation of his slaves, and his pretermission of two of his children, a married daughter and an only son, to whom, as well as others, he had previously made advancements.

But though the testator was rather over 80 years of age, and was so afflicted with a palsy of the hands and neck as to be unable to write or even to feed himself, yet the facts proved by all the witnesses show indisputably, that he was, at the date of the publication, in 1834, and for several years afterwards, rational in all his acts and conversations, manifesting as much mind and memory as men of his age generally possess, and that he superintended and directed, with intelligence and provident care, all his business consisting of domestic affairs, litigation,

Though a testator be over 80 years of age, and his physical energies greatly impaired, yet if he be rational in all his acts and conversations, and superintend with intelligence and prudent care, all his business, consisting of domestic affairs, litigation, contracts for hire,

and contracts of hire, and barter, and sale and· purchase of land and slaves, and various other things.

*and barter and sale and puichase of land & slaves, he has capacity to make a valid will.*

It also appears, or may be inferred from facts well proved and not controverted, that the liberation of his slaves at his own death, had been his settled purpose for many years, and when there could be no question as to his capacity. Not one fact proved in this Court tend to show that his will was procured, or controled, or modified, in any respect, by improper influence of any kind, or from any quarter. And the dictation of such a will, so rationally conceived and intelligently arranged, affords intrinsic proof of a disposing mind. As the testator had an unquestionable right, both moral and legal, to dispose, as he thought fit, of the remnant of his estate, retained by himself after advancing his children, the fact that he did not make an equal distribution among all his children, of the inconsiderable portion remaining, after emancipating his slaves, or the fact that, in distributing this small residual fund, he pretermitted two of his children, cannot, *per se*, be entitled to the effect of either nullifying his will or proving his incapacity to make it; nor should this unexplained circumstance, when connected with all the facts of the case, be permitted to operate essentially on the question of *will or no will;* for we are not authorized to presume that want of mind or memory was the cause of the pretermission—such an interpretation of it being clearly repelled by many facts abundantly established.

Then, deciding this case as we must, according to the *facts* proved and *our own* deductions from them, our conclusion is that when he published his testament in 1834, the testator had a disposing mind, and that the disposition thus made was the spontaneous offspring of that mind, freely, deliberately, and independently exercised.

*The offering for proof of a will, which is admitted to record without offering a codicil thereto attached, at the same time, does not estop those interested from thereafter offer-*

A codicil, dated in 1840, and providing for the transportation of the emancipated persons to *Liberia,* or the sale of them in the event of their refusal to be thus transported, has not been proved or offered for probate; and therefore, the only purpose of noticing it in this opinion, is to suggest that it may be hereafter proved and recorded as an appendage to the will, if in fact it was legally publish-

ed, and the testator was competent at the time of its publication.

It is, therefore, considered that the document published in 1834, be recorded in this Court, as the last will of Alexander Reed Sr. deceased, and a copy thereof certified to the Garrard County Court and there also recorded.

*Bradley, Owsley & Goodloe* for appellants; *Turner and Harlan* for appellees.