CASE 20—PETITION EQUITY—SEPT. 27.

# Abbott, &c. v. Traylor, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. THE CHANCELLOR HAS NO JURISDICTION TO VACATE OR MODIFY THE JUDGMENT OF A COUNTY COURT admitting a will to probate, but must treat it as conclusive so long as it remains in force.

2. PROBATING WILLS.—County courts alone have original jurisdiction to admit wills to probate, and appeals from their judgments may be prosecuted to the circuit courts, and thence to the Court of Appeals.

After an appeal has been taken to the circuit court and a judgment there rendered, any person interested who was not a party thereto may, by suit in equity, impeach that judgment, and have a retrial of the question of probate. (Hughey v. Sidwell, 18 B. Mon. 260.)

MAJOR & JETT, . . . . . . . . . . . For Appellants,

CITED

General Statutes, chap. 13.
Civil Code, secs. 519, 369, 372.
5 Bush, 187, Mason v. Mason.

HORD & TRABUE, }
T. B. FORD, . . }  . . . . . . . . For Appellees,

CITED

4 Met. 166, Sechrest v. Edwards.
1 B. Mon. 114, Swift v. Wiley.
3 Mar. 144, Shanks v. Christopher.
1 Duvall, 223, Maupin v. Wools.
2 Met. 450, Montgomery v. Perkins.
4 Met. 103, Knott v. Hogan.
8 Bush, 129, Kerr v. Gibson.
8 Bush, 397, Roots v. Merriwether.
7 Dana, 91, Allison, &c. v. Allison, &c.
17 B. Mon. 640, Barnes, &c. v. Edward.
16 B. Mon. 112, Upchurch v. Upchurch.
17 B. Mon. 390, Tudor v. Tudor.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

This was a proceeding in equity in the Franklin Circuit Court to establish the alleged last will and testament of Jasper Clayton, deceased, which it is charged had been destroyed or suppressed.

The *dictum* in the case of Barnes, etc. v. Edward (17 B. Mon. 640) is by no means conclusive as to the jurisdiction of courts of equity in such cases since the adoption of the Revised Statutes and the Civil Code of Practice. Such jurisdiction was not only questioned, but in effect denied in the case of Bowles, &c. v. Winchester. (MS. Opinion by Chief Justice Hardin, March 16, 1874.)

In this case it was certainly erroneous to afford relief even if the jurisdiction be conceded.

Prior to the institution of this action a paper purporting to be the last will and testament of said Clayton was presented to, and proved in, and ordered to record by the Franklin County Court, a tribunal whose jurisdiction is not questioned. This judgment remains unreversed, and unless affected by the judgment of the chancellor is to-day in full force and effect.

The chancellor was asked to retry the question of probate as to this supposed will, and to establish as the true will that one presented to him, and he did adjudge that the paper pro-

bated by the county court is not the last will of the testator, but that the will set up by the complainants is, and he adjudged it to be established, and directed his judgment to be certified to the county court of Franklin County for record.

The judgment of the county court probating the first will is not in terms annulled or set aside. But it must be assumed that the chancellor intended his judgment to accomplish that end, else the recording of the second will and judgment by the county court will present the anomaly of two wills of the same testator, regularly and legally probated and recorded, and both the judgments of probate in full force at the same time.

Now it is clear that the chancellor has no jurisdiction to vacate or modify the judgment of a county court admitting a will to probate. This question was directly decided in the case of Hughey v. Sidwell's Heirs (18 B. Mon. 260). There is but one way in which such a judgment can be affected, and that is by appeal to the circuit court of the county in which the order is made.

Proceedings in chancery to set aside or vacate wills that have been admitted to probate can only be maintained in two classes of cases (sec. 37, chap. 113, General Statutes), and not in these cases until after action by the circuit court.

As the judgment of the county court can not be vacated or annulled by the chancellor, and as it has not been reversed, it can not be disregarded or treated as a nullity. So long as it remains in force the chancellor, like all others, is bound to treat it as conclusive of the question as to whether the paper probated is or not the last will and testament of Jasper Clayton, deceased.

The judgment appealed from is reversed, and the cause remanded with instructions to dismiss appellees' petition.