JUDGE COFER
delivered the opinion op the court.
The only question we deem it necessary to consider in this case is whether a court of equity has jurisdiction of original *48 proceedings to establish a will alleged to have been fraudulently destroyed or suppressed.
Prior to the Revised Statutes the rule in respect to the jurisdiction of courts of equity to establish lost wills was not uniform. In Baker v. Dobyns, 4 Dana, 220, and Allison v. Allison, 7 ib. 91, lost wills were established by decrees in chancery, and that the chancellor had jurisdiction so to decree, upon its being made to appear that the will was lost, seems not to have been seriously questioned.
In the later cases of Hunt v. Hamilton, 9 Dana, 90, and Campbell v. West, 3 B. Mon. 242, the rule was somewhat modified, and the jurisdiction of courts of equity was restricted to cases in which the will was fraudulently destroyed or suppressed, or where from some accident the interposition of the chancellor was necessary to secure the rights of the plaintiffs.
After the Revised Statutes and Code of 1854 were adopted the court said, in Barnes v. Edward, 17 B. Mon. 639, that it had not been doubted for many years that courts of chancery had jurisdictions to establish wills which had been destroyed or suppressed. But the question was not necessary to the decision of that case which was determined on another point.
In the still later case of Abbott v. Taylor, 11 Bush, 335, referring to such jurisdiction, the court said: “The dictum in Barnes v. Edward is by no means conclusive as to the jurisdiction of courts of equity, in such cases, since the adoption of the Revised Statutes and the Civil Code of Practice. Such jurisdiction was not only questioned, but in effect denied in the case of Bowles v. Winchester.” (MS. opinion by Chief Justice Hardin, March 16,1874.) But no discussion of the question was made in the opinion in that case, and it was decided adversely to the plaintiffs on the merits.
The provisions of the Revised Statutes and Civil Code, which in terms relate to jurisdiction in the matter of establish *49 ing wills, are not materially different from the provisions of the act of 1797. (2 Statute Laws, 1537.)
Neither that act nor any provision in the Revised Statutes or Code of Practice in terms declared that the jurisdiction of the county courts, in matters relating to the establishment of wills, should be exclusive. The language of the act of 1797, section 10, is that “the several county courts shall have power to hear and determine all causes, matters, suits, and controversies testamentary arising within their respective jurisdictions, and to examine and take proof of wills,” etc.
The Code of 1854, section 28, gave the county courts jurisdiction of proceedings for the probate of wills, and section 519 provided that the manner of proving wills and contesting their probate should be as directed in sections 27 to 42 inclusive, of chapter 106 of the Revised Statutes. Those sections thus in terms re-adopted were transferred to and made a part of the Code, as subsections 1 to 16 inclusive. Subsection 1 provided that wills should be proved before, and .admitted to record by, the county court of the county of the testator’s residence, and subsection 3 provided that no will should be received in evidence until it had been allowed and admitted to record in a county court, and that its probate before such court should be conclusive until superseded, reversed, or annulled. This latter provision, which was not contained in any statute prior to the Revised Statutes, and especially when taken in connection with the provision in subsection 1, that wills shall be proved before, and admitted to record by, a county court, plainly evinces the legislative intention to make the jurisdiction of county courts exclusive.
No means are perceived or suggested by which the judgment of the chancellor establishing a will can be made effectual. Obviously a will so established can not be used as ■evidence, or be made available for any purpose, until it is “ allowed and admitted to record in a county court.”
*50 The chancellor has no power to command the county court to admit to record a will established by him in equity proceedings instituted in his court. The plain and unmistakable language of the statute is that “wills shall be proved before, and admitted to record by, the county court;” and this language, when taken in connection with section 38 of the Civil Code, giving to the county courts jurisdiction of proceedings for the probate of wills, renders it clear that the county court is to proceed in the hearing of a will case upon original evidence, and would not be concluded by the judgment of a court of equity, but might proceed, notwithstanding the action of the chancellor, to reject the will.
Whether, if a ease should arise in which it was necessary, in order to enable the propounders of a will to prove its execution or contents, a court of equity would have jurisdiction to compel a discovery, is a question we need not anticipate, and about which we intimate no opinion.
For the reasons indicated the judgment of the court below, establishing certain portions of an alleged letter of A. P. Thompson to his parents, as his last will and testament, is reversed; and the cause is remanded with directions to sustain the appellant’s demurrer to as much of the petition as seeks to set up and have said alleged writing established as a will.