CASE 88—WILL CONTEST—NOVEMBER 16.

# Couchman, Etc. v. Couchman, Etc.

### APPEAL FROM CLARK CIRCUIT COURT.

PROBATE—CONCLUSIVENESS OF.—A judgment probating a will in the County Court is final and conclusive, except it be vacated, reversed or annulled in some of the modes provided by the statute. Where a County Court, therefore, has granted probate upon a will disposing of the testator's entire estate, it has no jurisdiction subsequently to probate a codicil making a different disposition of a portion of such estate.

B. F. BUCKNER FOR APPELLANT.

1. Provisions of statute of wills as to probate and the effect of such probate. Gen. Stat., Chap. 113, secs. 26-28.
2. No man can have at the time of his death more than one "last will and testament," but this may consist of several testamentary papers executed at different times. 1 Williams on Executors, 199; 142 (6 Am. E.); Masterman v. Maberly, 2 Hagg., 235; Stoddart v. Grant, 1 Macq. H. of L., 163; Richards v. Queen's Proctor, 18 Jurist, 540; Sanford v. Vaughan, 1 Phillim., 39, 128; Harley v. Bagshaw, 2 Phillim, 48; Hitchins v. Wood, 2 Moore's P. C., 355; *In re* Foreman's Will, 54 Barb., 274; s. c. 1 Tuck (N. Y. Sur.), 205; Tonelle v. Hall, 4 Comst., 140; Phelps v. Robbins, 40 Conn., 250; Van Wert v. Benedict, 1 Bradf. Sur., 114; Wikoff's Appeal, 15 Pa. St., 281; *In re* Graham, 3 Sw. & Tr., 69; Greaves v. Price, Ib., 71; *In re* Budd, Ib., 196; Birks v. Birks, 4 Sw. & Tr., 23; Lemage v. Goodban, L. R. 1, P. & D., 57; *In re* Nickolls, 4 Sw. & Tr., 40.
3. A codicil is merely a supplement to and a part of a testator's will. 1 Williams on Executors, 9 (6 Am. Ed.); Puller v. Hope, 2 Ves. Sr., 242; Crosby v. McDoual, 4 Ves., 610; Evans v. Evans, 17 Sim., 108; Hartley v. Tribber, 16 Beav., 510; 4 Kent Com., 531; Tilden v. Tilden, 13 Gray, 103-108; Wetmore v. Parker, 7 Lansing, 121-129; Masterman v. Maberly, 2 Hagg., 103; Harley v. Bagshaw, 2 Phillim., 48; Gladstone v. Tempest, 2 Curties, 650; *In re* Foreman's Will, 54 Barb., 274; Van Wert v. Benedict, 1 Bradf. Sur., 114.

Couchman, etc. v. Couchman, etc.

4. The probate of an original will alone  excludes under our stat-
   ute all codicils and other testamentary papers. Gen Stats.,
   chap. 113, sec. 28; Hardy v. Hardy, 26 Ala., 526; Watson v.
   Turner, 89 Ala., 526; Adsitt's Est., Myrick's Probate Rep., 266
   (Cal.); Straub's Will, 24 Atl. Rep., 569; Bent v. Thompson, 138
   U. S., 114; Story v. Story, 11 N. E. R., 209; State v. McGlynn, 20
   Cal., 223; Bent v. Thompson, 23 Pac. Rep., 234.

5. The making and due execution of the codicil must be clearly
   proven. No competent evidence was offered on this point. Star-
   kie on Evidence, ——; Best on Evidence, sec. 236; Wharton on
   Evidence, sec. 707; Mercer's Admr. v. Mackin, 14 Bush, 434.

6. If the codicil was duly executed and in testator's possession
   the law presumed that he cancelled it, if not found after his
   death. Brown v. Brown, 8 E. & B. 875, and note; Baptist
   Church v. Robbarts, 2 Pa. St., 110; Weeks v. McBeath, 14 Ala.,
   474; Holland v. Ferries, 2 Bradf. Sur., 334; Bulkeley v. Redmond,
   2 Bradf. Sur., 281; Loxley v. Jackson, 3 Phillim., 376; Halyar
   v. Halyar, 3 Hagg., ——; Davies v. Davies, 1 Cas. Temp Lec.,
   444; Lillie v. Lillie, 3 Hagg., 184; 1 Williams on Executors,
   bottom page 379; Grant v. Grant, 1 Sandf. Ch. 235-243; Voor-
   hies v. Voorhies, 39 N. Y., 463; Martin v. Laking, 1 Hagg., 244;
   Davis v. Davis, 2 Add., 224; In re Thornton, 2 Curties, 913.

7. This presumption prevails unless a fraudulent suppression is
   proven.    Idley v. Bowan, 11 Wend., 227; s. c. 1 Edw., 148;
   Bulkeley v. Redmon, 2 Bradf. Sur., 281; Holland v. Ferries, 1b.,
   334; Clark's Estate, 1 Tucker (N. Y.), 445.

8. The declarations of J. A. and J. D. Couchman were inadmis-
   sible. Beall v. Cunningham, 1 B. M., 399; Rogers v. Rogers,
   2 B. M., 324.

9. The instructions given were erroneous.

BRECKINRIDGE & SHELBY, ALSO FOR APPELLANTS. (GEO. B.
   NELSON, BUCKNER & TAYLOR, OF COUNSEL.

1. After probating a will a County Court can not, at a subse-
   quent term, admit to probate, as a codicil thereto, a paper
   containing provisions inconsistent therewith.   Wells' Will, 5·
   Litt., 273; Taylor v. Tibbatts, 13 B. M., 177; McCarty v. Mc-
   Carty, 8 Bush, 504; Hardy v. Hardy's Heirs, 26 Ala., 524; Wat-
   son v. Turner, 89 Id., 220; Note to Waters v. Stickney, 90 Am.
   Dec., 137; Adsit's Estate, Myrick Prob. Rep. (Cal.), 266.

BECKNER & JOUETT for appellees.

The County Court has jurisdiction to probate a codicil after having probated the testator's original will. Gen. Stats., Ch., 113, sec. 26, 28, 36; Civil Code, 470, 726; Thompson v. Beadles, 14 Bush, 47; Jacobs' Admr. v. L. & N. R. R. Co., 10 Bush, 263; Montgomery's Admr. v. Miller, 4 B. M., 470; Thomas v. Arthur, 7 Bush, 245; Taylor v. Tibbatts, 13 B. M., 177; Reed's Will, 2 B. M., 79; Arterburn's Exrs. v. Young, 14 Bush, 509; McCarty v. McCarty, 8 Bush, 504; Am. & Eng. Enc. of L., vol. 3, p. 292; Beall v. Cunningham, 1 B. M. 399; Youse ⁊. Forman, 5 Bush, 337; Davis' Heirs v. Taul, 6 Dana, 53; Armstrong v. Armstrong, 14 B. M., 269; Moore's Admr. v. Smith, 88 Ky., 151; Waters v. Stickney, 12 Allen, 14; Abbott v. Traylor, 11 Bush, 335; Rev. Stat., Ch., 106, sec. 36; Schultz v. Schultz, 10 Grattan, 373; Ky. Stats., secs. 4833-4852; Mercer v. Mackin, 14 Bush, 434; Chisholm's Heirs v. Ben, &c., 7 B. M., 408; Baker v. Dobyns, 4 Dana, 220.

JUDGE WHITE delivered the opinion of the court.

B. W. Couchman died August 12, 1887, in Clarke county, Ky. August 22, 1887, at the regular term of the Clarke County Court, his will, bearing date January 4, 1886, was admitted to probate. By this will the testator devises to his wife, appellee, E. J. Couchman, $3,000 cash, and sufficient to purchase horse, harness and carriage. This to be absolute. He also gave to his wife, during widowhood, his home farm, and the dividends on certain stock in turnpikes. He gave to his niece Amanda, $3,000; to the Bible College at Lexington, $500; also, to the Foreign Christian Missionary Society, $500; also provided for the purchase of a scholarship in the Midway Orphan School; also, devised to his brothers and sisters, $100. He then directs that all the remainder of his estate shall be divided equally, per capita, among his nephews and nieces; and, to the end that an equal division may be had, he directs his executors to sell and convey his real estate, except the home

place, devised to his wife.  He then provides that, upon
the marriage or death of his wife, the farm and turnpike
stock devised to her shall be sold, and the proceeds divided
as general estate, devised to his nephews and nieces.   He
appoints his wife, E. J. Couchman, his brother, John A.
Couchman, and his friend, R. T. G. Bush, as executors.
This bears date January 4, 1886.  Within a year after the
probate of this will the widow, E. J. Couchman, renounced
the will, and elected to take under the law.   On August
.26, 1889, the widow, Elizabeth J. Couchman, propounded
for probate a paper purporting to be, in substance, a codi-
cil to the foregoing will; it being alleged that the original
was lost or destroyed.   This paper was probated as a cod-
icil by the Clarke County Court September 23, 1889, and
reads:   "I, B. W. Couchman, do make and publish this cod-
icil to my last will and testament, as follows, to-wit: (1) I
give to my wife, Elizabeth J. Couchman, the home place, to
have and to hold in fee simple, and the Curry place, to have
and to hold during her natural life, and after her death to
go to such of my blood kin as she may designate during
her life, by will or otherwise.   (2) I desire my said wife,
in addition to the three thousand dollars given to her in
my will, to have a sum equivalent to the rent of the land
derived by her from her father's estate, and which I have
used, or received rent from since it became her property."
It is claimed that this codicil was written in July, 1887,
shortly before B. W. Couchman died.   At the time this
codicil was probated there had never been an appeal or
other proceeding seeking to reverse, supersede, or annul
the order probating the will, made August 22, 1887.   Nor
does it appear by this record that the judgment of probate
of the will, of August 22, 1887, has ever been appealed
from, superseded, or annulled.   From the order and judg-

ment probating the codicil dated September 23, 1889, an appeal was prosecuted to the Court of Common Pleas of Clarke county in July, 1892. The trial in the Circuit Court of Clarke county resulted in a judgment probating the codicil, and from that judgment, after motions for new trial had been overruled, this appeal is prosecuted.

This record is very voluminous, and contains numerous exceptions to the admission and exclusion of testimony, and exceptions to the giving and refusing instructions to the jury, and other errors of the trial court. Among the questions raised by counsel, and urged, is the contention by appellants that the judgment of the County Court admitting to probate the original will of B. W. Couchman was a bar to the subsequent proceeding to probate the codicil in the County Court, and that, subject to review in a trial *de novo* on an appeal from it to the Circuit Court, it was absolutely conclusive. On behalf of appellees it is contended that the codicil being merely an appendage to the will, and its probate depending on the probate of the will itself, the order and judgment of probate of the will were not final and conclusive as to the codicil; in other words, that the jurisdiction of the County Court as to probate was not exhausted till the whole will was probated, and that this includes all codicils. The County Court and the Circuit Court necessarily took the appellees' view of the law on this question.

This question has never been passed on by this court, and is one of first impression. Counsel for appellees have cited, as tending to support their position, the case of Reed's Will, 2 B. Mon., 79, where Chief Justice Robertson uses this language: "A codicil, dated in 1840, and providing for the transportation of the emancipated persons to Liberia, or the sale of them in the event of their refusal to

be thus transported, has not been proved or offered for probate; and, therefore, the only purpose of noticing it in this opinion is to suggest that it may be hereafter proved and recorded as an appendage to the will, if in fact it was legally published, and the testator was competent at the time of its publication." We are also referred to the case of Schultz v. Schultz, decided by the Court of Appeals of Virginia, reported 10 Grat., 358 [60 Am. Dec. 335], as sustaining this position of appellees. In that case the court said at page 373: "I think it certainly can not be maintained that, in all cases where the probate court has admitted to probate a paper purporting to be, a last will and testament it has thereby fully exercised its entire jurisdiction over the subject of the testamentary disposition of the decedent's estate. To affirm this proposition would be, in certain cases, so far as the probate court is concerned, to compel a man to die intestate as to part of his estate, though it might have been his deliberate and expressed intention to dispose of the whole. A man's last will must not of necessity be confined to one testamentary paper. It may consist of several different testamentary, papers of different dates, and executed and attested at different times. It can not be indispensable, either, that they should be propounded in the court of probate at the same time. If a will has been produced and admitted to probate in the proper court, and subsequently another testamentary paper be found, purporting to be a codicil to the former, it can not be doubted that the probate court could also receive and admit it to probate at a subsequent period," citing Reed's Will, 2 B. Mon., 80. It may be remarked here that the decision of the Virginia court in the above case was by a divided court—two dissents; also, that there was no question of codicil before it, but the con-

test was between two complete wills. That statute governing the probation of wills at the time of the Schultz case was the same as our statute at the time of the case of Reed's Will, our statute being copied from that of Virginia. The statute in force at the time of Reed's Will, after providing that the county courts shall have power to hear and determine all cases, suits, and controversies testamentary arising within their respective jurisdictions, provides (section 11): "When any will shall be exhibited to be proved, the court having jurisdiction as aforesaid, may proceed immediately to receive the proof thereof, and grant a certificate of such probate; if, however, any person interested, shall within seven years afterwards appear, and by his bill in chancery contest the validity of the will, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, whose verdict shall be final between the parties, saving to the court a power of granting a new trial for good cause, as in other trials; but no such party appearing within the time, the probate shall be forever binding; saving also to infants and *femes covert* and persons absent from the State, or *non compos mentis*, the like period after the removal of their respective disabilities." Under this statute, this court, in the case of Wells' Will, 5 Litt., 273, held that the decision of a County Court on the validity of a will, whether for or against the will, is a bar to any subsequent proceedings thereon before that court; that the remedy is by writ of error, or by bill in chancery, within the statutory period. It was also held in McMillin v. McMillin, 7 T. B. Mon., 564, that, after the lapse of seven years from the probate, the will could not be successfully assailed in equity, unless complainants are under some disability. In the case of

Taylor v. Tibbatts, 13 B. Mon., 177, this court, after quot-
ing the statute, says: "The law makes no provision for a
retrial in the same court, but, instead of permitting that
to be done, substitutes a proceeding in a court of equity
by which the validity of the will may be contested. The
decision of the court of probate may also be revised in
a superior tribunal, but the same court has no power at a
subsequent term to set aside or vacate an order establish-
ing a will, and directing it to be recorded. A decision of
the County Court upon the validity of a will is a bar to a
renewal of the controversy in that court upon the same
subject-matter." In the above statute there is no provi-
sion that the order or judgment of probate shall be bind-
ing and conclusive, except after the lapse of seven years,
as quoted. By Gen. Stat., c. 113. sec. 26, it is provided:
"Wills shall be proved before, and admitted to record by,
the County Court of the county of the testator's resi-
dence. By section 27: "An appeal may be taken from
the County Court to the Circuit Court of the same county,
and thence to the Court of Appeals, from every judgment
admitting a will to record or rejecting it. . . The ap-
peal to the Circuit Court shall be within five years after
rendering the judgment of probate or rejection in the
County Court, and prosecuted to the Court of Appeals
within one year after the final decision in the Circuit
Court." Section 28 provides: "No will shall be received
in evidence until it has been allowed and admitted to
record by a County Court; and its probate before such
court shall be conclusive, except as to the jurisdiction of
the court, until the same is superseded, reversed or an-
nulled." Under this statute this court, in McCarty v. Mc-
Carty, 8 Bush, 504, said: "A will once admitted to pro-
bate by the County Court must be contested in the man-

ner pointed out by the statute. This special proceeding is adopted and regulated by law as applicable to wills alone, and the remedies afforded in such cases must be found in the statute, and nowhere else. There is no power given to the County Court, after a will has been admitted to record or rejected, to grant to the parties a new trial, or at a subsequent term to annul all orders made in regard to the case at a previous term. The rights of parties to property acquired under a will would be almost worthless, if a County Court, with its limited jurisdiction in such cases, could try and retry the question of will or no will whenever, in the opinion of that court, an erroneous judgment had been rendered." In all these cases *supra*, the precise question here presented was not before the court, nor passed on. The question in each of those cases was as to complete wills. In the case of Reed's Will the question of the probate of the codicil was not before the court for decision, and, if the statute in force at that time was the same as that applicable to the case at bar, which it is not, that part of the opinion in the Reed's will case would not be binding, as it was *obiter* purely.

Counsel for appellants has referred us to the case of Hardy v. Hardy's Heirs (decided by the Supreme Court of Alabama), 26 Ala., 524, which reads: "The act of 1806 provides, that, when any will has been admitted to probate, it may be contested by any person interested, by bill in chancery, within five years thereafter, and that unless so contested it shall be conclusive and binding upon all parties; extending, however, to infants, married women, lunatics, and persons absent from the State, the right of contestation to five years after the removal of their respective disabilities. Under this statute the probate is conclusive, unless the will is contested in the mode and

within the time fixed.   In the present case the application
is to establish a paper which, if regarded as a will, is incon-
sistent with the provisions of the one which had previously
been admitted to probate; and, as it is of later execution,
it must operate as a revocation of the former, *pro tanto.*
To this extent, therefore, it impeaches the validity of the
will which had been established; and, if admitted to pro-
bate, the consequence would be that there would be two
wills established, inconsistent with their provisions. It was
to avoid such consequences that the statute to which we
have referred was enacted.   The paper offered for pro-
bate impeaches in part the will already admitted to pro-
bate, and this, as we have seen, can only be done in tne
mode and within the time prescribed by the act."   We are
also referred to the case of Watson v. Turner, 89 Ala., 220
[8 South, 20], where the court, after citing with approval
the Hardy case, *supra,* said:   "To establish a later will is
necessarily to disestablish a former one already proved.
The same is obviously true of a codicil, any of the provi-
sions of which are inconsistent with those of the will itself.
To prove a codicil is, *pro tanto,* to disprove so much of the
probated will as it may revoke or modify. The distinction is
one of extent, not of kind or quality.   The attempt to set
aside a probated will, therefore, by proving a later one, or
by attaching to it a codicil with inconsistent provisions, is
a contest of the validity of the former will.   In point of
reason, we can see no valid distinction between the two
cases.   The evil results flowing from each are the
same—a like violation of the repose of titles, and a like
uncertainty as to the conclusiveness of judicial determina-
tions."      We   are   also   referred   to   the   case   of
Adsit's   Estate,   Myrick's   Probate   Reports,   (Cal.),   266,

[ 44 ]

cited in Mr. Freeman's notes to Waters v. Stickney, 90 Am. Dec., 137, as supporting this doctrine; but the case is not accessible. This court, in the case of Hughey v. Sidwell's Heirs, 18 B. Mon., 260, said: "This was a petition in equity brought by appellants in the Mason Circuit Court to annul and vacate a paper which had been regularly admitted to probate by the County Court of Mason as the last will and testament of Aaron Sidwell, deceased. . . . The paper sought to be annulled had been regularly admitted to probate as the last will and testament of the decedent by a court of competent jurisdiction; and the order of probate establishing the will, until reversed, superseded, or vacated by another tribunal in the mode prescribed by law, was conclusive between the parties. It is a judgment of a court having jurisdiction over the subject-matter, and can not be assailed collaterally, nor revised by any indirect proceeding. There is at present but one mode of reaching it, and that is by appeal to the Circuit Court of the county where the order was made." In the case of Abbott v. Taylor, 11 Bush, 335, this court said: "This was a proceeding in equity in the Franklin Circuit Court to establish the alleged last will and testament of Jasper Clayton, deceased, which it is charged had been destroyed or suppressed. . . . Prior to the institution of this action a paper purporting to be the last will and testament of said Clayton was presented to and proved in, and ordered to be recorded by, the Franklin County Court—a tribunal whose jurisdiction is not questioned. This judgment remains unreversed, and, unless affected by the judgment of the chancellor, is to-day in full force and effect. . . . Now it is clear that the chancellor has no jurisdiction to vacate or modify the judgment of a County Court admitting a will to probate.

This question was directly decided in the case of Hughey v. Sidwell's Heirs. There is but one way in which such a judgment can be affected, and that is by appeal to the Circuit Court of the county in which the order is made. Proceedings in chancery to set aside or vacate wills that have been admitted to probate can only be maintained in two classes of cases, and not in these cases until after action by the Circuit Court."

We are of opinion, from a careful review of these authorities, that the judgment probating a will in the County Court is final and conclusive, except it be vacated, reversed or annulled by some one of the modes provided by the statute. The first mode is by appeal to the Circuit Court within five years, and thence to this court within one year. This remedy is exclusive of all others while it may be invoked. The second is by a court of equity to impeach the judgment of the Circuit Court, as provided in sections 35, 37, c. 113, Gen. Stat. This right of appeal to the Circuit Court is a matter of right to any person interested, and the trial had in the Circuit Court is a trial *de novo*, without regard to any evidence heard or offered in the County Court. Neither of the statutory remedies provided for was attempted to be used in this case; but the appellees asked the county court, two years after the original will was probated, to admit to probate the codicil, and it is contended that the County Court had jurisdiction to probate this codicil as an appendage to the original will. To this we do not assent. While codicils can only be probated as appendages to the original wills, and may, where not in any way inconsistent with the original will, be probated by the County Court at a subsequent term from the probation of the original will, yet in this case the codicil propounded is entirely inconsistent with the original will.

The original will disposes of the whole of the estate of decedent, B. W. Couchman, and distributes the same to various parties. The codicil practically gives all of his estate to his wife. The parties who take under the original will are entirely ignored in the codicil, and the effect of the judgment probating the codicil would be to annul and vacate the former judgment of probation—at least, in so far as the two are inconsistent—and would devest devisees under the first judgment of probation of title to property, and to vest the title in devisees as provided by the codicil. This power to annul and vacate its former judgment of probation, the county court did not have. It follows that the judgment of the County Court probating the codicil, being not within its jurisdiction, was erroneous, if not void; and likewise the judgment of the Circuit Court, appealed from, probating the codicil, was erroneous, and must be reversed. Having taken this view of the case, it becomes unnecessary to determine many questions presented in the record, and urged by counsel as cause for reversal. Wherefore the judgment is reversed, and cause remanded, with directions to grant appellants a new trial, and to render judgment reversing the judgment of the County Court admitting the codicil to probate, and for other proceedings consistent herewith.