## Slaughter's Administrator et al. v. Wyman.

(Decided February 26, 1929.)

J. C. SPEIGHT, J. W. McDONALD, and HOLIDAY & GARDNER for appellants.

ROBBINS & SMITH, JOHNSON & WYMAN and MARTIN & BOAZ for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS —Reversing.

Emma J. Slaughter died April 1, 1926. At the May term of court following there were two papers probated as her will; the first being a will, dated August 29, 1906, and the second a codicil, dated August 29, 1917. The por-

tions of these instruments pertaining to this controversy are clauses 11, 12, and 14 of the will, reading:

"11th. In the event that any of the bequests or devises to any of the above herein before mentioned should lapse or fail, then & in that event, such lapsed or failing bequest shall go to and belong to W. H. Wyman.

"12th. It is my will and desire that all the residue and remainder of my estate, not hereinbefore bequeathed or devised shall go to and become the sole property of my nephew W. H. Wyman together with and including notes I hold against him at the time of my death, and also including ten shares of stock in the City National Bank of Mayfield, Kentucky, issued in his name May 6th, 1906, and which I now hold as collateral security—But—all the property real and personal & choses in action—bequeathed and devised to my nephew W. H. Wyman is to be his at my death only, upon the condition, that he continues to live with me, as long as I live, and cares for, and is kind and helpful to me, while I live. And if he should fail to fulfill the conditions herein above mentioned he will take nothing under the provisions of this will except as equal share with his brothers & sisters as devised or bequeathed by section five of this will."

"14th. I hereby appoint W. H. Wyman, W. H. Benjamin and B. C. Bowden executors of this my last will and testament, and it is my will that neither of these—my said executors shall be required to give bond, before so acting as my executors."

And the first phrase and sections 1 and 5 of the codicil reading:

"I, Emma J. Slaughter, do make and publish this codicil to my last will and testament as follows:

"Sec. 1. Whereas in my last will and testament dated July 20th, 1906, I did by the Seventh (7) and Eighth Sections thereof give and bequeath to my nephew, W. H. Wyman, the property described in said sections provided he would live with me as long as I lived, and would care for me and be kind and helpful to me to the end, and whereas he has left me permanently and ceased to live with, care for and

help me, and thereby has forfeited my bequests to him set out in Secs. Seven and Eight of my said will of July 20, 1906; now, I hereby revoke the said Seventh and Eighth Sections of my said will of July 20th, 1906, and I revoke the bequests contained therein to my said nephew W. H. Wyman, and it is my will that he take nothing thereby or thereunder, and I hereby revoke said sections absolutely.''

''Sec. Five. Whereas, in my will dated July 20th, 1906, I appointed W. H. Benjamin, B. C. Bowden and W. H. Wyman executors of said will, and whereas B. C. Bowden is now dead, and W. H. Wyman has forfeited his interest in my estate as set out in Sections Seven and Eight of said will and I have revoked said Sections, I now revoke the appointment of the said W. H. Wyman as one of the executors of my last will and testament, and I will and appoint W. H. Benjamin sole executor of my last will and testament, and I authorize and empower him as my executor to convey and sell my real estate, and warrant the title so made by him as if made by me.''

Other provisions of the codicil dispose of the residuary estate, which was devised to W. H. Wyman in the quoted will. W. H. Wyman appealed to the circuit court from the probate of the codicil on the following grounds: First, that this paper is not attached to the will of August 29, 1906, and does not adopt same by reference, and for this reason it cannot be probated as a codicil; second, the execution of the codicil was procured by undue influence and at a time when the testatrix was not of sound mind. To this the propounders responded: First, Wyman had forfeited his devise by a breach of the conditions of the will; second, Wyman was estopped to deny the codicil by reason of the execution of a contract executed in September, 1916, in which he and testatrix had mutually acquitted each other of all demands held by either against the other; third, there was no will of July 20, 1906, and the reference in the codicil was to the will of August 29, 1906. The court sustained a demurrer to the pleas of estoppel and forfeiture, and also sustained a demurrer to that part of the answer pleading a reference to the will of August 29, 1906, as being contradictory of the codicil. The propounder then moved for a jury to be impaneled for a trial of the case. This was overruled.

Thereupon the court adjudged that, as the alleged codicil was not physically attached to the will of August 29, 1906, and as it in terms referred to a will of July 20, 1906, and not to the one probated, it could not be probated as a codicil to the latter, and that inasmuch as there was no appeal from the probate of the will of August 29, 1906, it could not be probated as an original will. He therefore denied its probate. Propounders appeal.

1. It may be said that the matters upon which the plea of forfeiture is based affect only the character of the devise to W. H. Wyman, and do not make the entire instrument conditional; hence this plea presents a question that may be considered on the construction of the will, if the codicil is probated, but not on its probate. Lee v. Kirby, 186 Ky. 603, 217 S. W. 896.

2. Also the plea of estoppel is one that properly arises on construction, if the will should be probated without the codicil. But this does not deprive Wyman of the right of contesting the codicil. Manifestly he has such an interest as entitles him to contest the probate of the codicil, and this right to contest was not destroyed by the alleged agreement of September, 1916. Egbert v. Egbert, 186 Ky. 486, 217 S. W. 365; Murphy's Ex'r v. Murphy, 65 S. W. 165, 23 Ky. Law Rep. 1460. It follows that the court properly sustained a demurrer to both pleas.

3. The paper of August 29, 1906, has been probated by the county court as the last will of Mrs. Slaughter, and no appeal taken therefrom. The county court has *exclusive* original jurisdiction in such matters and its jurisdiction has been exhausted in this case. Couchman v. Couchman, 104 Ky. 680, 47 S. W. 858, 20 Ky. Law Rep. 871, 44 L. R. A. 136; Thruston v. Prather, 47 S. W. 871, 20 Ky. Law Rep. 877; Central Trust Co. v. Bennett, 208 Ky. 281, 270 S. W. 821. It follows that the paper of August 29, 1917, can only be offered as a codicil to that will, and cannot now be probated as an *independent* testamentary paper. Also, as a codicil is an appendage to and is construed as a part of an original will, it must be attached to the latter physically, or refer to it in such a manner as to identify it or furnish the means of identification. In some cases it being held that this must be without resort to any other testimony to show that the document sought to be incorporated is identical with that referred to in the will. Blackett v. Ziegler, 153 Iowa

344, 133 N. W. 901, 37 L. R. A. (N. S.) 291; Ann. Cas. 1913E, 115; 40 Cyc. 1421; Beall v. Cunningham, 3 B. Mon. 390, 39 Am. Dec. 469; Phelps v. Stoner's Adm'r, 184 Ky. 466, 212 S. W. 423; Sharp v. Wallace, 83 Ky. 584; Guthrie v. Guthrie's Ex'r, 168 Ky. 805, 183 S. W. 221; 28 R. C. L. pp. 197, 198. And, as the paper in contest is not physically attached to either will, its admissibility to probate depends on identifying the will of August 29, 1906, as the one to which it refers.

Appellee's position is: The words, "My last will and testament of July 20, 1906," appear in four distinct places in that instrument. Not only is the date of the will thus specified, but the number of the revoked clauses are designated as clauses 7 and 8; while in the will of August 29, 1906, the devises to Wyman are in paragraphs 11 and 12. He insists that this is evidence of the existence of a will dated July 20, 1906, and furnishes a conclusive presumption that it was the one referred to in the codicil; the further inference being that the July will had been revoked by the August will, but that it was republished by this codicil, and that this republication revoked the August will; it being further contended that after the execution of the codicil testatrix again changed her mind and destroyed the July will, intending thereby to revoke and in fact revoking, the codicil which depended on that will for force and validity, and that by the destruction of the July will the August will was ipso facto revived.

The argument is ingenious, but the last conclusion is incorrect, even if all other presumptions, as well as inferences, are admitted; because, if the execution of the codicil was sufficient under Ky. Stats., sec. 4833, to republish the July will and revoke the August will, nevertheless the August will could not be revived by a later destruction of the July will. Ky. Stats., sec. 4834; Maxwell v. Maxwell, 3 Metc. 101; Stewart v. Mulholland, 88 Ky. 38, 10 S. W. 125, 10 Ky. Law Rep. 824, 21 Am. St. Rep. 320; Minor v. Guthrie, 4 S. W. 179, 9 Ky. Law Rep. 113; Porter v. Ford, 83 Ky. 191. Appellee is thus placed in a dilemma. By insisting on the codicil being an appendage to the July will, he must also insist that the July will is destroyed or revoked, else that will should be produced, and it and the codicil probated together, and this would destroy his legacy. On the other hand, if there was a July will, and it was republished and later destroyed, as claimed by him, its destruction would not revive the August will, upon

which he relies, and in such event Mrs. Slaughter died intestate, and therefore he received no legacy.

In passing it might be said that, with Wyman's approval and without objection from any one, the will of August, 1906, has been probated, and no appeal prosecuted from the order of probate; and an interesting question arises as to the effect of such final probate of the August will. As there was no republication of the August will after the execution of the codicil, perhaps its probate is equivalent to a judicial determination that there was no July will, or to a holding that the July will, if such existed was not republished, by the execution of the codicil. Differently stated, the final probate of the August will may be said to be tantamount to a judgment holding that the reference in the codicil was to the August will, because, for the reasons stated above, the August will and the codicil, *on the questions here presented,* must stand or fall together. Thus, if the codicil refers to an existing July will, and revoked the August will, the latter could not be probated. On the other hand, if the codicil does not refer to an existing July will, it must refer to the August will and under this reasoning it would seem that a probate of the August will would authorize a probate of the codicil. On the same theory, Wyman could not impeach the probate of the August will without destroying his legacy, and, as he is now upholding that probate, he is not in a position to contest a probate of the codicil, except upon the ground of mental incapacity and undue influence in its execution.

But, turning aside from technical questions and considering the papers in their entirety, what was the testator's intention in this regard? In the first place the codicil begins with the statement, ''do make and publish this codicil to my last will and testament.'' Concededly the will of August 29th was later than the July will, and was in existence at the time of the execution of the codicil; hence the natural inference is that it was the one referred to. Also the fact that the August will makes no reference to a former will tends to negative the idea that the testatrix had executed another will 40 days prior to its execution.

It will further be noted that the codicil makes no direct reference to a republication of the July will, nor does it in terms undertake to revoke the August will, and while it does not correctly refer to the number of the clauses, it fully describes the devise to Wyman and the

conditions upon which they are based as they appear in the August will. It further unequivocally states that he has violated those conditions, and they are for that reason revoked. This leaves no doubt of testatrix's intention to deprive Wyman of any part of the estate devised in the August will, and of her reasons therefor. In the next place, she names the three executors of the August will, refers to the death of one and the disqualification of Wyman, and reappoints the third as the sole executor of the will and codicil, thus clearly identifying that paper as being the one in her mind. Still stronger is the fact that no July will is produced, while the August will and the codicil were retained by her until her death. This circumstance demonstrates her intention to die testate, and clearly indicates the paper she had in mind as her last will, if, indeed, it does not negative the existence at any time of a July will. It also distinguishes this case from those cases in which the courts have probated a republished revoked will in preference to a later will, and in which the republication was made by codicil and the former will identified by date. In every instance coming under our observation, when this was done, the republished will was preserved.

In the face of the above statements and circumstances, the additional words appearing in the codicil, "My last will and testament of July 20, 1906," are of dubious import, as well as contradictory in themselves. Nor are these words aided by the numbering of the revoked clauses, as a July will has not been produced, and the contents of its clauses 7 and 8 are not proven. Indeed, neither the existence of such a paper nor the intention of the testatrix to republish it as a will is established by a mere reference to dates and to numbered paragraphs inconsistent with the August will. The most that can be said for these matters is that they may raise the inference claimed by appellee and create a latent ambiguity; and but for the fact that they are clarified by a consideration of both instruments, this ambiguity would perhaps authorize the introduction of extraneous proof as to the existence of a will of July, 1906, as well as of a possible mistake of the draftsman in the preparation of the codicil.

But even in cases where the will claimed to have been re-established by reference to its date is produced, it is recognized that mistakes frequently occur in the naming of the past dates and numbers by the testator from

234

memory, as well as in the interchange of papers by the scrivener, and if the character of the instrument as described conflicts with a reference by date, the description is generally held to control, though sometimes extraneous evidence is admitted to show a mistake upon the part of the scrivener. We do not here express our opinion as to the propriety of such evidence in the cases mentioned, as in this case the intention of the testator can be ascertained without such aid.

On another trial the court will impanel a jury and admit such proof, if any, as is offered on the issues as to the due execution of the will, mental capacity of the testatrix, and undue influence.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Judge Logan dissents.