IN RE ESTATE OF JOHN BREMER.
LENA BREMER ET AL., APPELLEES, V. HENRY BREMER, APPELLANT.
3 N. W. (2d) 411

FILED APRIL 10, 1942. No. 31301.

*Charles Dobry* and *H. G. Wellensiek,* for appellant.

*Cleary, Suhr & Davis, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESS-MORE and YEAGER, JJ.

MESSMORE, J.

The county court admitted to probate a codicil to a will. On appeal to the district court the decree and judgment of the county court were affirmed; hence this appeal.

The will of John Bremer, deceased, dated September 21, 1921, left to his son, the appellant, $1,000, and the rest, residue and remainder of his property to his wife, Lena Bremer, with certain qualifications in event of her remarriage; if she did not remarry, at her death the property to go to his daughter, Matilda. There was also a 5-dollar bequest to a daughter of his wife. When the will was made, the testator's estate was valued at between $20,000 and $25,000. The executrix was his second wife, married to him in 1900.

The testator died May 17, 1939. May 23, 1939, the petition to probate the will was filed. The will was admitted to probate June 21, 1939. Subsequently, a codicil to the will was discovered on the back thereof. The effect of the codicil was to change paragraph 2 of the will, lessening from $1,000 to $10 the bequest to the appellant. February 13, 1940, a petition was filed in the county court of Hall county for the probate of the codicil. To the petition the appellant filed objections, alleging it was not executed in manner and form as required by law; that at the time of the execution of the codicil the testator did not have the mental ability and testamentary capacity to execute the same; that it was procured through undue influence practiced by the widow and her daughter; that appellant had not been informed of the codicil of the will at the time the will was admitted to probate; that a copy of the will was furnished him which did not contain the codicil, and that, relying thereon, he made no objections to the will, waived his right to contest the same, and that, by reason of the acts of the appellees, they were estopped from offering said codicil for probate.

Appellant contends that the court erred in admitting the codicil to probate, for the reason that it could not be admitted to probate until the decree admitting the will to probate was vacated and set aside, citing in support of this contention *In re Bronson's Estate*, 185 Wash. 536, 55 Pac. (2d) 1075, 107 A. L. R. 238.

In the *Bronson* case there were filed at the same time a will and a codicil modifying its terms. A petition to probate the will was filed; the codicil was not mentioned. The majority opinion of the court determined the case on the point that the petitioner did not comply with the statute, which gave him one year in which to petition for the vacation or modification of the judgment, and, having failed to follow the statutory remedy provided for the rectification of mistakes, and having made no attempt to set aside the decree admitting the will to probate, the decree must stand as entered. Three judges of the Washington court dissented, on the ground that the technical provisions of the statute should not bar the admission to probate of the codicil.

The case of *Couchman v. Couchman*, 104 Ky. 680, 47 S. W. 858, is cited. In that case the court said: "The attempt to set aside a probated will, therefore, by proving a later one, or by attaching to it a codicil with inconsistent provisions, is a contest of the validity of the former will." The court held: "The judgment probating a will in the county court is final and conclusive, except it be vacated, reversed or annulled by some one of the modes provided by the statute." The *Couchman* case apparently supports the appellant's contention. There is nothing in the evidence in the instant case to disclose that the codicil was not executed according to law.

The record discloses that at the time of the testator's death his property had decreased in value. He owned an 80-acre tract in Hall county, subject to a 2,000-dollar mortgage, and 146 acres adjacent to the Platte river, mortgaged for $1,500; also certificates secured by a mortgage in the amount of $2,000, sold for $1,347, and a small amount of live stock. The testator had lived with his present wife for

38 years. The appellant was more than 50 years of age, a competent, capable and successful man in his business. Conditions had changed at the time the codicil was made from those prevailing when the will was executed, and the codicil reflects the testator's intention as to the proper distribution of his property and objects of his bounty under the changed circumstances.

In the case of *Waters v. Stickney*, 12 Allen (Mass.) 1, 90 Am. Dec. 122, a will and codicil were executed according to law. Some years after the will was probated, the executor presented for probate a codicil written on the back of the will. There was no fraud shown nor want of diligence. The court said: "The mistake may have been occasioned by inattention or oversight of the counsel or the testifying witness, or possibly of the judge." The decree of probate admitting the codicil was sustained. In the instant case, the time element was much less, being 11 months, and not violative of any statute which would bar the probate of the codicil.

As stated in *Schultz v. Schultz*, 10 Grattan (Va.) 358, 373, 60 Am. Dec. 335: "A man's last will must not of necessity be confined to one testamentary paper. It may consist of several different testamentary papers, of different dates, and executed and attested at different times."

In *Bowen v. Johnson*, 5 R. I. 112, 73 Am. Dec. 49, the question presented was whether or not a subsequent will, made and admitted to probate in another state, could be filed and recorded in the state of Rhode Island without first revoking the probate of a prior will of the same testator, made by a court of probate in Rhode Island. The lower court ruled that the direct proceedings should be first instituted to revoke the probate of the earlier will and the letters granted by the probate court of Rhode Island. The decree of the lower court was reversed. The supreme court of Rhode Island said (p. 120) : "Now it would seem to be quite congruous with the statute mode of conferring this power of revoking the old probate, to wit, as incidental to the power of taking probate of the later will when discovered, for the

court to exercise this power of revocation, as incidental to the new grant of probate, rather than to make it necessarily the subject of preliminary and separate action. * * * Notice of the petition for the probate, or for filing and recording of the new will, must necessarily be given to the parties interested under the old one; and the prayer of such a petition incidentally involves the revocation of the probate of the will of prior date, so far as such will conflicts with the provisions of the will of later date."

The county court has original and exclusive jurisdiction of the probate of wills. Comp. St. 1929, sec. 27-503. In consideration of the jurisdiction vested in the county court, coupled with the facts, that there was no fraud shown nor want of diligence, and the mistake in not discovering the codicil may have been occasioned by inattention or oversight of counsel, or the judge, and such mistake was inadvertently made, not negligently or wilfully, and the codicil was presented for probate within the time when no statutory provision would bar it, we conclude that the reasoning in the case of *Waters v. Stickney, supra,* and cases cited supporting appellees' contention are applicable, with the exception noted, rather than the reasoning in *Couchman v. Couchman, supra,* and cases supporting appellant's contention.

The appellant pleads estoppel. There is nothing in his pleadings or in the proof offered to show that he actually had any grounds upon which to contest the will, or that he was misled to his injury, or suffered a loss of substantial character, or was induced to alter his position for the worse in some material respect. "Where no available right is parted with and no injury suffered there can be no estoppel *in pais*." 21 C. J. 1137.

The appellant contends that he parted with an insurance policy, in his father's name, payable to appellant, in the amount of $500, for funeral expenses. There is no competent evidence to show that the proceeds of the policy ever belonged to appellant, or to indicate that he consented to the insurance payment because of his ignorance of the codicil,

or that the widow or daughter knew of the existence of the codicil, or to connect those circumstances. There is no evidence to indicate that they procured appellant's consent. He went direct to the secretary of the insurance company and signed over the insurance to pay the funeral expenses. There is nothing in the proof to show that the widow or daughter concealed from the appellant something of which they had knowledge. All of the parties, and the court as well, at the time of the probate of the will, were ignorant of there being a codicil.

In 21 C. J. 1123, it is said: "Knowledge of the truth as to the material facts represented or concealed is generally indispensable to the application of the doctrine of equitable estoppel," and further (p. 1125): "No estoppel arises where the representation or conduct of the party sought to be estopped is due to ignorance founded upon an innocent mistake." The evidence of undue influence is insufficient to take the case to the jury.

For the reasons given, the decree and judgment of the county court admitting the codicil to probate are

AFFIRMED.