HENRY SCHERER, RESPONDENT, v. POST OFFICE BUILD-
ING AND LOAN ASSOCIATION, APPELLANT.

Argued November 21, 1917—Decided March 4, 1918.

1. A solicitor of a building and loan association of New Jersey,
   being entrusted with a check, drawn to the order of the bor-
   rower, to exchange for a first lien bond and mortgage on real
   estate, is a special agent, under the by-laws of the association in
   this case. His agency can not be enlarged, by receiving more
   money from the borrower, to be disbursed in discharging obliga-
   tions and liens of. the borrower on the real estate, so as to make
   the building and loan association liable for the misappropriation
   of such money, received from the borrower.
2. On an issue of agency, when the facts are not in dispute, and
   the inferences from them are not in doubt, the question is one
   of law for the court.
3. A special agent, as distinguished from a general agent, is one
   employed for a particular purpose only.

On appeal from the Essex County Circuit Court.

For the appellant, *Stickel, Bostwick & Naughright.*

For the respondent, *Joseph Kraemer.*

The opinion of the court was delivered by

BLACK, J.   This suit was instituted by the plaintiff to re-
cover from the defendant the sum of five hundred and
sixty-six dollars.   The case was tried at the Essex Circuit,
resulting in a verdict for the plaintiff, for the full amount
sued for with interest from October 25th, 1907.   There are
a number of grounds of appeal, all alleging trial errors, by
the court below, such as admitting and rejecting testimony,
refusal to charge as requested, error in the charge.   But we
think this case can be disposed of upon a single point, viz.,
it was error for the trial court to refuse the motions to non-
suit the plaintiff and direct a verdict in favor of the defend-
ant.   The fundamental and only question involved in the

case is the application of the law of principal and agent, to the facts developed at the trial. This in turn may be narrowed to the sole question, whether the solicitor of the defendant association was a general or a special and limited agent, to disburse the funds entrusted to him. The essential facts, in brief, on which these motions were based are: The plaintiff applied to the defendant for a mortgage loan of ten thousand dollars, to be secured by a first mortgage lien on his property, Nos. 118–120 Howard street, in the city of Newark. This application was accepted by the defendant association, a corporation of New Jersey, organized and operating under the building and loan laws of this state. On October 7th, 1907, a check was drawn to the order of the plaintiff for the sum loaned, less premiums, dues and interest, cost of stock certificate, amounting to the sum of three hundred dollars and fifty cents. The check was placed in the hands of its solicitor, whose duty it was to see that the association obtained a first mortgage lien in exchange for the check on the property, which had been accepted, as security for the loan. This check was subsequently endorsed by Scherer, the borrower, to the solicitor of the defendant association for deposit. Some two or three weeks after applying for the loan, the solicitor of the association sent for Scherer, the borrower, and told him he could not go ahead with the loan, as there was not enough money to pay all the liens and claims against the property offered by Scherer, as security for the loan from the association. The solicitor suggested that Scherer endeavor to settle with his creditors on a fifty per cent. cash and fifty per cent. note basis, and stated that if such a settlement could be made, five hundred and sixty-six dollars more money would be needed to complete the loan. The suggested settlement was made and plaintiff testified that he gave the solicitor the five hundred and sixty-six dollars for that purpose. This was evidently after the bond and mortgage had been signed, acknowledged and recorded, as none of the disbursing checks are dated earlier than October 25th, 1907. The plaintiff concedes that the disbursements

were made—that as made they were proper—that the solicitor
is justly entitled to a credit of nine thousand six hundred and
ninety-nine dollars and fifty cents, the amount of the associa-
tion's check on any moneys received by him for or from the
plaintiff, Scherer. Some fifteen months thereafter, Scherer
applied to the solicitor for a statement showing how he had
disbursed the loan moneys. The first statement showed an
error of the payment of five hundred and sixty-six dollars to
one Berla. This was subsequently corrected in a statement in
writing dated November 22d, 1909. The suit was instituted
July 19th, 1913. The solicitor died May, 1916, before the
trial of the issues here involved. The defendant association
never received the five hundred and sixty-six dollars which
Scherer, the plaintiff, testified he gave the solicitor, or any
similar sum, either from the solicitor or from the plaintiff,
Scherer. On November 22d, 1909, the account of the plaint-
iff with the defendant association was closed, the loan paid
and the mortgage canceled of record.

From this statement of facts, which is not controverted,
we think it is quite apparent and clearly established that the
solicitor was not the agent of the defendant association, in re-
ceiving money from Scherer, the plaintiff, the only authority
of the solicitor under the by-laws of the association was to
examine the title to Scherer's property, and if and when it
was unencumbered to pay over to Scherer the net amount of
the defendant association's loan, in exchange for a first lien
bond and mortgage, executed by Scherer and his wife. That
it did not permit him to accept additional money from
Scherer, for removing liens against Scherer's property, or for
any other purpose.

It is quite clear there was no universal agency between the
solicitor and the defendant association, because the associa-
tion would have no power to create one.

The written evidence of the solicitor's agency is found in
the association's by-laws, paragraph six (6), a, b, c and d,
which provide for the appointment of a solicitor. They are
in the usual form of such by-laws: "The solicitor shall ex-

amine all title deeds and make the necessary searches for ascertaining the title to all property offered to the association as mortgage security, and shall furnish a written opinion or report to the board of directors on all real estate loans;" the report shall be filed with the papers, he shall prepare all legal papers and transact all other law business of the association whenever required, for which he shall receive a fair compensation. The question is therefore narrowed to the point whether the solicitor was authorized in any way by the defendant association to receive money for it to pay off liens on Scherer's property, which the loan of the association was insufficient to completely satisfy, or did the association by its actions lead the plaintiff, in the exercise of care and prudence, to believe that the solicitor possessed such authority?

This court has said that when the facts are not in dispute, and the inferences from them are not in doubt, the question at issue, that of agency, is one of law for the court. *Belcher v. Manchester, &c., Loan Association,* 74 *N. J. L.* 833.

The plaintiff was a member of the association bound by its by-laws; as such member, he made such by-laws a part of his loan contract, and assented thereto.

When he found his loan in the hands of the association's solicitor made out in his own name and no authority in the by-laws to either receive or disburse the check, he was charged with notice that the solicitor was a limited or a special agent, into whose powers and limitations, he must inquire and upon whose representations alone, he could not rely. No principle of law is better settled than that one who claims through a special agent takes the risk of his want of power. *Black v. Shreve,* 13 *N. J. Eq.* 455.

If a special agent exceeds his authority the principal is not bound. *Pars. Cont.* (9th ed.) 42.

We think it is clear that the solicitor was a special agent of the defendant association, that he had no authority from the association to receive money from Scherer to disburse for Scherer's benefit, and so bind the association. The association is not liable for the five hundred and sixty-six

dollars which the plaintiff testified he paid the solicitor. The case must be decided upon principle rather than upon precedents involving like facts; a case somewhat similar, at least in principle, is *Pepper* v. *Cairns,* 133 *Pa. St.* 114; 7 *L. R. A.* 750. While the courts have very often defined and distinguished general and special agents, the great trouble is that they are totally unable to define general and special agents in terms which make the distinction applicable to each particular case (31 *Cyc.* 1338); a collection of many cases will be found illustrating the distinction between a general and special agent, applied to an almost endless variety of circumstances, in *Id.* 1340 *et seq.* A special agent, as distinguished from a general agent, is one employed for a particular purpose only; in this case, the agency of the solicitor was limited by the amount of money entrusted to him, to exchange for a bond and mortgage, as a first lien on land; the agency could not be enlarged by receiving more money from the borrower so as to bind the defendant association.

We think it was error for the trial court to refuse to grant the defendant's motions to nonsuit the plaintiff and to direct a verdict in favor of the defendant. This disposes of the case and renders it unnecessary to discuss the other grounds of appeal.

The judgment of the Essex Circuit Court is therefore reversed and a *venire de novo* awarded.

*For affirmance*—KALISCH, WILLIAMS, JJ.  2.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, JJ.  10.