RICHARD T. STAGER, PLAINTIFF-RESPONDENT, v. GUS-
TAV M. JUNKER AND ARTHUR C. JUNKER, DEFEND-
ANTS-APPELLANTS.

Submitted October 16. 1936—Decided December 14, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendants-appellants, *Samuel Levin* and *Irving Siegler*.

For the plaintiff-respondent, *Miles M. Messinger, Jr.*

BODINE, J. The plaintiff sued and had judgment on an agreement in writing providing as follows: "In consideration of the agreement of the party of the second part to accept $2\frac{3}{4}\%$ bonds of the Home Owners' Loan Corporation at par in discharge of a mortgage in the principal amount of $6,000 made by said Gustav M. Junker to the party of the second part upon land of said Gustav M. Junker known as No. 426 Prospect Street, Nutley, New Jersey, although the market value of said bonds is at present below par, the parties of the first part jointly and severally agree to pay to the party of the second part within six months from the discharge of said mortgage a sum equal to any loss which may be sustained or discount below par taken by the party of the second part upon the sale of said bonds by him, at the market price of date of sale." The bonds taken in discharge of the mortgage mentioned held by the plaintiff were sold within the time fixed in the agreement, resulting in the loss for which recovery was had.

The plaintiff, as required by the Home Owners' Loan Corporation, at first agreed to accept Home Owners' Loan bonds in full settlement of his claim upon the mortgage made by the defendant to him. The bonds were to bear four per cent. interest. Later he consented to accept bonds bearing three per cent. interest and finally two and three-quarters per cent. Series B bonds, in the meantime exacting from the mortgagors the agreement in suit. The agreement is said to be supported by consideration, since a promise to accept four per cent. bonds in full settlement is not fulfilled by the tender of two and three-quarters per cent. bonds. However, that is not precisely the situation here presented.

The Home Owners' Loan act was intended to provide emergency relief with respect to home mortgage indebtedness and the rules of the corporation provide that no loan will be made where there was a separate understanding or agreement between the debtor and the holder of the mortgage calling for any payments other than those required by the corporation. The plaintiff, in order to facilitate the loan, stated the full extent of his debt and agreed to accept a definite number of bonds at face value in full settlement thereof. He was then precluded from exacting any further or other agreement from his debtor looking to the payment of the additional sum. The mere fact that he exacted the instrument in suit, while the negotiations were pending and after he had agreed to accept a definite number of bonds in full settlement, denotes bad faith toward the lending agency. When he agreed to an acceptance of each reduction of bond interest, the acceptance related back to the first agreement and was a reiteration of the promise there made to accept the bonds agreed upon in full settlement of the defendants' obligation in accordance with the rules of the lending corporation deemed necessary to rehabilitate the home owner. By means of the secret agreement the plaintiff could not defeat the express terms of his own agreement to accept the bonds of the lending agency in full settlement of the defendants' obligation.

The judgment is reversed, with costs.