RIDGE INVESTMENT CORPORATION, PLAINTIFF-RE-
SPONDENT, v. AGNES NICOLOSI ET AL., DEFENDANTS-
APPELLANTS.

Submitted May 4, 1937—Decided July 23, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Hendrickson, Greenberg & Jacobs.*

For the respondent, *Murray Ludmer.*

PER CURIAM.

In a suit on a note given by the defendants-appellants to plaintiff-respondent, in the sum of $197, representing the difference between the amount due plaintiff on its second mortgage on a property owned by defendants and mortgaged to Home Owners' Loan Corporation, and the amount of bonds of said corporation and cash received by plaintiff for surrender and cancellation of its mortgage, the District Court judge gave judgment for plaintiff. Defendants appeal and urge that the giving of any pledge or security over and beyond such amount as may be paid by the Home Owners' Loan Corporation is in contravention of public policy and in violation of the Act of Congress establishing said corporation.

The trial judge found as a fact that the plaintiff had not entered into any collusive agreement with the defendants to obtain more than was assented to by the corporation; that the note was prepared in the office of the closing attorney of the corporation at his direction and executed in his presence; that the appraised value of the property exceeded the mort-

gage given to the corporation and the amount of the note given to plaintiff; and that the obligation upon which suit was brought was in all respects valid, legal and binding.

The state of the case contains little of the evidence and consists principally of the finding of the trial judge. These findings are reasonably supported by the evidence submitted at the trial, as disclosed by the state of the case before us.

We are unable to agree with the contention of the appellants that agreements for payments over and above the amount of the Home Owners' Loan Corporation mortgage are entirely void and illegal. The most favorable view of the statute and the cases thereunder cited would be that fraudulent agreements, made in collusion to induce the granting of the mortgage loan by the corporation, are unenforceable. As stated, the factual finding here is that there was no fraud or collusion, and that the arrangement was openly made with the knowledge of all parties, including the representative of the corporation.

Upon the record before us, we do not perceive any error of law in the action of the trial judge.

The judgment is affirmed, with costs.