**WEBER v STERNAD et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18401. Decided Dec 8, 1941

Miller, Kehres, Roller & Kloppman, Cleveland, for plaintiff-appellant.

Jerome W. Moss, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, J.

This cause is here on appeal of the plaintiff-appellant from a judgment of the Common Pleas Court granting the defendants' petition to vacate a cognovit judgment previously rendered for the plaintiff, and rendering final judgment for the defendants on the ground that the note, which was the foundation of the judgment, was unenforceable as being contrary to public policy.

The note was dated April 7, 1936, and was in the principal sum of $500.00. This note was delivered by the defendants to one Gertrude Comstock who assigned it after maturity to the plaintiff-appellant. The note was given in connection with the defendant's application then pending for a refinancing of his home through the Home Owners Loan Corporation. The Custodian Savings & Loan Association held the first mortgage on defendant's property and the plaintiff's assignor held a second mortgage thereon. The Home Owners Loan Corporation appraised the premises at $4200.00 and was willing to grant a loan to the extent of eighty per cent of the appraised value, to-wit, $3360.00 providing the lienholders were willing to adjust their claims so as not to exceed that sum.

The first mortgagee evidenced a willingness to accept the proceeds of the first mortgage offered by the Home Owners Loan Corporation, and a second mortgage from the defendants in the sum of $860.00, which would be the maximum amount allowed under the Home Owners Loan Corporation regulations which permitted a second mortgage to be taken back provided the amount secured did not exceed the difference between the first mortgage of the corporation and the appraised value.

The appraised value of the property did not equal the full amount due the Custodian Savings & Loan Association but the bank was willing to take the loss to assist in the refinancing. This could only be done in the event that the assignor of the plaintiff-appellant herein would surrender any right or claim by virtue of her second mortgage.

The second mortgagee, plaintiff-appellant's assignor thereupon advised the Home Owners Loan Corporation that she would surrender her note and satisfy her mortgage without consideration and thus enable the defendant to obtain the refinancing as above indicated.

Except for the personal responsibility of the defendant, the security surrendered by cancelling the note and mortgage of the plaintiff-appellant's assignor was of absolutely no value, the property having depreciated because of the economic disturbance which was at that time nationwide.

When the second mortgage and note were surrendered the Home Owners Loan Corporation required the mortgagee to execute a form entitled "Statement for consideration of release" wherein the plaintiff's assignor stated that she had received no consideration for said loan and further stated that "no claim or demand is now made or will hereafter be made by the undersigned, his heirs, executors, administrators, for any other consideration from the Home Owners Loan Corporation, or from any other source." This instrument is undated, a fact which is however immaterial since the new loan was closed shortly after April 7, 1936 the date that appears on the note here under consideration.

The plaintiff contends that its representations to the Home Owners Loan Corporation pertained only to the mortgage and had no reference to the obligation of the note. This argument loses weight in the light of that portion of the representation quoted above that "no claim or demand is now made or will hereafter be made." The new note executed and secured from the defendant was certainly a claim or a demand. The result of that transaction as carried out was in violation of the rules of the Home Owners Loan Corporation and was without their knowledge and consent. In other words, when the debtor who was seeking the assistance of the Home Owners Loan Corporation completed his transaction of refinancing he was then in but slightly better shape to meet his current obligations than he was before he procured the help of the Home Owners Loan Corporation and therefore the true purpose of the Act was being thwarted.

Plaintiff, however, maintains that in effect her assignor having received nothing for her old note except a new note, the new note is supported by sufficient consideration by the unpaid balance remaining due on the old note and is therefore an enforceable obligation.

This would be true if it were not for the existence of the following regulation of the Home Owners Loan Corporation:

"Second mortgages—Where the full amount of the indebtedness against the property cannot be refunded by the corporation, the mortgagee or other lienholder will be permitted to take a second mortgage or second deed of trust if the amount of such second deed of trust or mortgage does not exceed the difference between the corporation's appraisal and the amount of the corporation's first mortgage. In no case shall the second mortgage or deed of trust to such other mortgagee or lienholder be in terms which would cause the mortgagor's payment to the corporation to be a hardship, or to deprive the mortgagor of reasonable opportunity to pay such mortgage or second trust."

When the plaintiff's assignor took this $500.00 note she knew that the Custodian Savings & Loan Association was taking back a second mortgage for the maximum amount permitted by the regulations. The plaintiff's assignor did not have to waive her lien by cancelling and surrendering her note and mortgage but she did so voluntarily for the benefit of her mortgagor and without incurring any loss which she had not already sustained, inasmuch as the value of the security had become worthless because of the economic disturbance, depleting the value of the property.

The waiver was signed as an inducement to the Home Owners Loan Corporation to refinance the obligation of the mortgagor and was fully executed by the second lienholder before the corporation proceeded to act on the defendant's application.

Had the Home Owners Loan Corporation known of the second lienholder's receiving the new note for an amount in excess of that permitted by its regulations, it would not have gone forward with the loan until its regulations had been complied with. Courts have almost uniformly held that the rules made by the Home Owners Loan

Corporation in the conduct of its business, because the power to make such rules is given the Corporation by the law creating it, have the same effect of law as the Home Owners Loan Corporation Act itself.

In Kay v U. S. 57 Sup. Ct. Rep. 648 (82 L. E. 607) decided by the supreme court of the United States on Jan. 31, 1938, the court said, in referring to another section of the Home Owners Loan Corporation Act:

"The resolution adopted by the Board of Directors sets forth the nature of the ordinary charges that 'are authorized and required'; and the power of Congress to provide for such action by the Board is not open to question."

The rules of the Home Owners Loan Corporation were widely promulgated and published and were available to the public. The fact that the plaintiff's assignor makes no pretense of having notified the corporation about the note which was secured for the cancellation of her original note and mortgage, coupled with the signed instrument demanded of the plaintiff's assignor by the Home Owners Loan Corporation renders conclusive the fact that the corporation relied on plaintiff's written statement and that its action was influenced thereby. The legal question here involved is complicated by the fact that another Ohio Court of Appeals has held that notes taken back by junior lienholders in connection with Home Owners Loan Corporation loans may be valid regardless of the rules of the Home Owners Loan Corporation so long as no attempt is made to exercise any claim by virtue of any mortgage that may have been given to secure such note. **Ruskin v Povzner, 65 Oh Ap 221.**

Previously, however, a different Court of Appeals ruled as illegal and void similar notes on the ground of public policy. **Dayton Mortgage & Investment Co. v Thies, 62 Oh Ap 169.**

The issues of the legality of notes and/or notes and mortgages, taken in violation of the Home Owners Loan Corporation rules, and without the knowledge of the corporation in connection with Home Owners Loan Corporation refinancing, have been passed upon by many courts of last resort. The overwhelming weight of authority holds such notes or notes and mortgages unenforceable on the ground of public policy.

The creation of the Home Owners Loan Corporation, a wholly owned Federal government corporation, was to lend assistance to home owners who, because of economic disturbances, were hard pressed and their life savings liable to be entirely wiped out. The act was passed primarily to aid the home owners rather than to liquidate certain frozen assets of banking institutions.

The Supreme Court of Michigan, in the case of Meek v Wilson, 284 Mich. 674, 278 N. W. 731, in dealing with this identical question, said:

"The Home Owners Loan Corporation Act was intended to assist said owners of homes to save their homes from foreclosure by advancing on first mortgages sums to be used to pay off liens and to lighten the burden of the home owners. Any benefits that might accrue to the lienholders would be incidental. The Home Owners Loan Corporation in refinancing a home owner's obligations sought to readjust them in accordance with his ability to make payments. The salutory effect of such a readjustment would be nullified if a lienholder were permitted without regulation, to defeat the purpose of the Home Owners Loan Act. An agreement exacted by a lienholder which tends to counteract the relief of the home owner sought by the Act is contrary to the purpose of the Act and to the regulations adopted thereunder."

"Contracts which tend to bring about results which the law seeks to prevent are unenforceable."

It may be that the defense of illegality on the ground of public policy was not raised in the trial court in the case of Ruskin v Povzner, supra. The

opinion implied that the mortgage would be unenforceable should any attempt be made to assert it on the ground that its taking contravened the rules of the corporation. It is true that the rule has specific reference to cases in which second mortgages or deeds of trust are permitted by limiting their amounts, yet, we believe that the spirit, if not the letter, of the rule comprehends the inclusion of unsecured notes within its provision.

We are not called upon in this case to determine whether or not a note taken in excess of the corporation rules would be enforceable, if the corporation, with full knowledge of such fact, refinanced the property. Whether or not the corporation officers would have the authority to violate the rules of the corporation is seriously doubted. However, in this case, the evidence clearly discloses that the corporation had no knowledge of the existence of the promise to make the note which is the subject of this action.

We therefore conclude that the note given is unenforceable, on the ground of public policy.

The judgment of the Common Pleas Court is affirmed. Exceptions may be noted.

LIEGHLEY, PJ., MORGAN, J., concur.