Walker, Appellant, *v.* Oakley et ux.

Argued May 10, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

reargument refused June 30, 1943.

*Milton J. Kolansky,* for appellant.

*Daniel H. Jenkins,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, May 24, 1943:

This is an appeal from an order of the court opening a judgment entered on a note.

Plaintiff sold to defendants an apartment dwelling house, taking back a purchase-money mortgage in the sum of $14,250. The principal of the mortgage having been reduced to $13,000, defendants refinanced it with the Home Owners' Loan Corporation, plaintiff notifying the latter that he would accept its bonds in the amount of $10,575 in full settlement of his claim. In a subsequent letter to the Corporation, however, after stating that it was agreeable to him "to accept a reduction of approximately $2,450 in the amount of the mortgage," he added, "Said reduction to be covered by a second mortgage on the above property." Before he received the bonds of the Corporation defendants agreed with him in writing that they would give him a second mortgage or judgment note in the sum of $3,436.90 to cover the amount of the reduction with interest, costs and "legal fees." Such a note was executed and judgment entered thereon. After several writs of attachment-execution had been issued defendants obtained a rule to open the judgment. The court made the rule absolute, and plaintiff appeals.

The question is whether the note is void because in violation of the Home Owners' Loan Act of June 13, 1933, c. 64, 48 Stat. 128, 12 U.S.C.A. §1461 et seq. There is nothing in the Act which specifically prohibits the owner from giving to the mortgagee a second lien representing the difference between the amount of the mortgage and the amount accepted from the Home Owners' Loan Corporation. It is evident, however, that if such an agreement between the parties were to be

permitted without some measure of control or super-vision by the Corporation the purpose of the Act would be defeated. The object of the legislation is not to improve the security held by the mortgagee but to re-lieve the owner, in a period of economic depression, from the danger of having his home swept away in fore-closure proceedings; if he were to remain burdened by the same load of indebtedness as before, that danger would not be averted. Accordingly, acting under the authority of section 1463(k) of the statute, the Home Owners' Loan Corporation has adopted from time to time rules and regulations which govern such collateral agreements between the parties, and provide, in general, that, while second liens are permissible under some cir-cumstances, they will not be allowed if, in the opinion of the Corporation, they are likely to work an undue hardship on the owner and deprive him of reasonable opportunity to keep up the necessary payments. Thus the taking of a second lien by the mortgagee is not a matter of right but one of privilege to be granted by the Home Owners' Loan Corporation. The result is that, with almost complete unanimity, the courts have held that if an agreement for such a lien was not brought to the knowledge of the Corporation, whether because of a deliberate intent to preserve secrecy or because of the mortgagee's ignorance of the law, and therefore the approval of the Corporation was not obtained, the agree-ment is void and unenforceable.[1] But if, on the other

---

[1] *Schram* v. *Welton*, 35 Fed. Supp. 889; *McAllister* v. *Drapeau*, 14 Cal. (2) 102, 92 P. 2d 911; *Bealkowski* v. *Powers*, 310 Ill. App. 662, 35 N. E. 2d 386; *Council* v. *Cohen*, 303 Mass. 348, 21 N. E. 2d 967; *Meek* v. *Wilson*, 283 Mich. 679, 278 N. W. 731; *May* v. *Whitbeck*, 111 Mont. 568, 113 P. 2d 332; *Markowitz* v. *Berg*, 125 N. J. Eq. 56, 4 A. 2d 410, aff'd in 127 N. J. Eq. 90, 11 A. 2d 107; *Stager* v. *Junker*, 14 N. J. Misc. 913, 188 A. 440; *Jessewich* v. *Abbene*, 277 N. Y. S. 599; *First Citizens Bank & Trust Co. of Utica* v. *Speaker*, 287 N. Y. S. 831, 294 N. Y. S. 737; *Kudack* v. *Port Washington National Bank & Trust Co.*, 32 N. Y. S. (2) 203; *Dayton Mortgage & Investment Co.* v. *Theis*,

hand, the Corporation, after receiving such information, agrees to refund the mortgage and issues its bonds to the mortgagee, the agreement will be upheld as not inconsistent with the policy of the Act.[2] In *Anderson* v. *Horst,* 132 Pa. Superior Ct. 140, 200 A. 721, the agreement between the mortgagee and the home owner was made without the approval of the Home Owners' Loan Corporation and was held to be void as against public policy; (see also *Dime Bank & Trust Co. of Pittston* v. *Walsh,* 143 Pa. Superior Ct. 189, 17 A. 2d 728). And in *Keystone Bank of Spangler* v. *Booth,* 334 Pa. 545, 6 A. 2d 417, this court said (p. 552, A. 420): "It has been held that the validity of such agreements to remain bound is largely dependent on the presence or absence of a prohibition in the regulations adopted by the corporation . . . Matters to be considered are the absence

---

62 Ohio App. 169, 23 N. E. 2d 511; *First Federal Savings & Loan Assn.* v. *Ansell,* 68 Ohio App. 369, 41 N. E. 2d 420; *Weber v. Sternad,* 69 Ohio App. 258, 39 N. E. 2d 623; *Local Federal Savings & Loan Assn.* v. *Harris,* 188 Okla. 214, 107 P. 2d 1012; *Local Federal Savings & Loan Assn.* v. *Sheets,* — Okla. —, 130 P. 2d 825; *McCrory v. Smeltzer* (Commission of Appeals of Texas), 124 S. W. 2d 336.

There are cases which hold that the agreement is void in any event if the mortgagee agreed with the Home Owners' Loan Corporation to accept its bonds in full settlement of his claim: *Cook* v. *Donner,* 145 Kans. 674, 66 P. 2d 587; *Chaves County Building & Loan Assn.* v. *Hodges,* 40 N. Mex. 326, 59 P. 2d 671.

2 *Sirman v. Sloss Realty Co.,* 198 Ark. 534, 129 S. W. 2d 602; *Shivers* v. *Liberty Building-Loan Assn.,* 16 Cal. 2d 296, 106 P. 2d 4; *Lavery v. Rizza,* 126 Conn. 132, 9 A. 2d 819; *Chicago Title & Trust Co.* v. *Szymanski,* 289 Ill. App. 600, 7 N. E. 2d 608; *Brown v. Sears, Roebuck & Co.,* 331 Ill. App. 490, 36 N. E. 2d 612; *Bay City Bank* v. *White,* 283 Mich. 267, 277 N. W. 888; *Ridge Investment Corporation* v. *Nicolosi,* 15 N. J. Misc. 569, 193 A. 710; *Smith* v. *Redwine,* — Tenn. —, 168 S. W. 2d 185; *McVicar v. Peters,* 12 Wash. 2d 92, 120 P. 2d 485; *Ganchoff* v. *Bullock,* 234 Wis. 613, 291 N. W. 837.

There are some authorities which hold that the agreement is valid even if not disclosed to the Home Owners' Loan Corporation: *McMillan* v. *Palmer,* 198 Ark. 805, 131 S. W. 2d 943; *Krause* v. *Swanson,* 141 Neb. 251, 3 N. W. 2d 407.

of collusion or concealment of the obligation from the authorized officials of the government agency, and their consent to the mortgagor's continued obligation for the balance."[3]

Applying this principle to the present case, plaintiff having informed the Home Owners' Loan Corporation that the reduction "of approximately $2,450" was to be covered by a second mortgage, and having thus indicated that he did not intend the amount he was accepting from the Corporation to be an accord and satisfaction of the whole indebtedness, and the Corporation, with knowledge of this fact, having proceeded to refund the original mortgage and issue its bonds to plaintiff, it must be inferred that the Corporation was willing that plaintiff should obtain from defendants a second lien on the property of "approximately $2,450" (or, according to the actual refunding, $2,425). Plaintiff contends that because the regulations of the Corporation might have permitted a second lien in the amount of $2,917.33 (that being the difference between the Corporation's appraisal of the value of the property and the total loan made by it), the note should be upheld to that extent. We cannot speculate, however, as to whether the Corporation would have given such approval. What apparently it did approve was a lien of $2,425, and plaintiff may recover in that amount, together with interest thereon and costs, if any due, less whatever sums have been paid by defendants on the note since its execution. The judgment should have been opened only for the excess; (see *Keystone Bank of Spangler* v. *Booth,* 334 Pa. 545, 548, 6 A. 2d 417, 419).

It is urged that defendants are not entitled to equitable relief because they were parties to the agreement which they now denounce as against public policy and

---

[3] Students interested in literature on the subject are referred to 38 Mich. L. Rev. 508; 45 W. Va. L. Q. 332; 25 Cornell L. Q. 304; 89 U. of P. L. Rev. 828; 52 Harv. L. Rev. 842; 5 John Marshall L. Q. 373; 28 Calif. L. Rev. 232.

therefore void. The answer is that defendants are members of a class which it was the purpose of the Home Owners' Loan Act to protect, and they are not to be considered, therefore, as in pari delicto with the mortgagee. "If refusal to . . . rescind an illegal bargain would produce a harmful effect on parties for whose protection the law making the bargain illegal exists, . . . rescission . . . is allowed": Restatement, Contracts, section 601.

The order of the court making absolute the rule to open the judgment is modified by continuing the judgment in force to the extent of $2,425 with interest and costs, if any due, less whatever sums have been paid by defendants on the note since its execution, and opening it only as to the excess. Plaintiff to pay the costs on this appeal.